The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Fuleihan. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On May 9, 1991, plaintiff sustained an injury by accident arising out of an in the course of her employment with defendant-employer.
2. At such time, Aetna Life and Casualty Company was the carrier on the risk.
3. At such time, plaintiff's average weekly wage was $198.55, yielding a compensation rate of $132.43.
4. The plaintiff has been paid for 22 and 1/7 weeks of temporary total disability from May 22, 1991, through October 23, 1991, a total of $2,930.48. The Form 24 submitted October 23, 1991 was approved on November 14, 1991.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, who is 50 years of age, had been employed as a slitter with defendant-employer Premier [Premiere] Manufacturing for 6 to 9 weeks on May 9, 1991. Plaintiff's job duties as a slitter included slitting hosiery and required her to pick up and carry large boxes of hosiery to a work station, where she would prepare the hosiery for sewing.
2. On May 9, 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, when the bottom of a box of hosiery she was carrying gave way and her left arm and shoulder were jerked and pulled, resulting in an injury to her left shoulder.
3. Defendants accepted liability for plaintiff's injury.
4. For her injury, plaintiff was initially seen by the company doctor, Dr. Deekins, on May 15, 1991, who prescribed Anaprox and Flexeril and kept plaintiff out of work for one week. Thereafter, plaintiff was seen by Dr. Vassen and Dr. Glugover and underwent conservative treatment for her injury. Following a course of treatment and therapy, plaintiff attempted to return to work on August 1, but was unable to perform her work duties due to excessive lift shoulder pain.
5. On August 12, 1991, plaintiff was seen by Dr. Andrea Stutesman at the Work Recovery Center. Throughout plaintiff's course of therapy at the Work Recovery Center, which included referrals to Dr. Moretz and physical therapist John Huffman, plaintiff's left shoulder pain made it difficult for her to comply with all of the physical demands made upon her by the staff. An acrimonious relationship developed between plaintiff and the staff at the Work Recovery Center. On October 4, 1991, Dr. Stutesman discharged plaintiff from the program and released plaintiff to return to work as a slitter without restriction. Dr. Stutesman noted that plaintiff "had not communicated her needs appropriately to staff," and was "now discharged for non-compliance."
6. Thereafter, plaintiff was unable to return to work due to excessive left shoulder pain.
7. On October 23, 1991, defendant-carrier submitted a Form 24 to the Industrial Commission, which was approved on November 14, 1991 on the basis of non-compliance with medical treatment. Plaintiff's compensation payments and medical treatment were stopped by the carrier at that time.
8. Plaintiff's pain continued and she sought treatment from her family physician, Dr. John K. Earl, who referred her to Dr. David Jones, a neurosurgeon, who, in turn, referred plaintiff to Dr. Donald Campbell, an orthopaedic surgeon, who first saw plaintiff on April 22, 1992.
9. Dr. Campbell diagnosed plaintiff as suffering from "significant adhesive capsulitis" in her left shoulder. On July 27, 1991, Dr. Campbell successfully performed a closed manipulation of plaintiff's left shoulder under anesthesia. On December 21, 1992, Dr. Campbell released plaintiff from his care to return to work without restriction, noting, however, that plaintiff would be limited somewhat by her pain.
10. As a result of her May 9, 1991 compensable injury, plaintiff sustained adhesive capsulitis in her left shoulder.
11. As a result of her May 9, 1991 compensable injury, plaintiff continues to experience pain in her left shoulder, left arm, and neck for which further medical care and treatment may be reasonably required in order to effect a cure, give relief, or lessen the period of her disability.
12. As a result of her May 9, 1991 compensable injury, plaintiff was unable to earn any wages in any employment from May 15, 1991, through December 21, 1992.
13. Plaintiff reached the end of the healing period from her May 9, 1991 compensable injury on December 21, 1992.
14. As of December 21, 1992, plaintiff had the capacity to earn the same wages which she was earning at the time of her compensable injury.
15. The medical care and treatment plaintiff received subsequent to approval of the Form 24 from Dr. Earl, Dr. Jones and Dr. Campbell was necessary to effect a cure, give relief, or lessen the period of disability from her May 9, 1991 compensable injury.
16. Since being released from Dr. Campbell's care on December 21, 1992, plaintiff has been seen by Dr. Coniglio, and at Carolinas Medical Center. However, there are no medical records from the same in the evidentiary record in this case from which to determine whether said treatment was necessary to effect a cure, give relief, or lessen the period of disability from plaintiff's May 9, 1991 compensable injury.
17. As a result of her May 9, 1991 compensable injury, plaintiff has a 5% permanent partial impairment of her left arm.
18. The November 14, 1991 approval of the Form 24 was improvidently granted.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On May 9, 1991, plaintiff sustained an injury by accident arising out of an in the course of her employment with defendant-employer, and as a result thereof, was temporarily totally disabled from May 15, 1991 through December 21, 1992, for which she is entitled to temporary total compensation at the rate of $132.43 per week for the aforementioned period less a credit to defendant-employer for the 22 and 1/7 weeks of temporary total disability payments, totaling $2,930.48, already made to plaintiff. N.C. Gen. Stat. § 97-2(6); 97-29.
2. As a result of the May 9, 1991 injury by accident, plaintiff sustained a five (5) percent permanent partial impairment of her left arm entitling her to twelve (12) weeks of compensation at the rate of $132.43 per week beginning December 21, 1992, the date plaintiff reached the end of the healing period from her May 9, 1991 injury by accident. N.C. Gen. Stat. § 97-31(13).
3. As a result of her May 9, 1991 injury by accident, plaintiff is entitled to have defendant provide all medical expenses incurred, or to be incurred, to the extent that the same are necessary to effect a cure, give relief, or lessen the period of disability. N.C. Gen. Stat. § 97-25.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff, on account of her temporary total disability, compensation at the rate of $132.43 per week for the period beginning May 15, 1991 through December 21, 1992, less a credit to defendant-employer for the 22 and 1/7 weeks of temporary total disability payments, totaling $2,930.48, already made to plaintiff. As said compensation has accrued, it shall be paid in a lump sum, subject to a reasonable attorney fee due after approval.
2. Defendant shall pay plaintiff, on account of her permanent partial disability, compensation at the rate of $132.43 per week for twelve (12) weeks beginning December 21, 1992. As said compensation has accrued, it shall be paid in a lump sum, subject to a reasonable attorney fee hereinafter approved.
3. A reasonable attorney fee in the amount of 25% of the compensation benefits due under paragraphs one and two of this Award is hereby approved for plaintiff's counsel, Mr. John D. Ingle.
4. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff to the extent that the same are necessary to effect a cure, give relief, or lessen the period of disability as a result of her May 9, 1991 injury by accident in amounts approved by, or in accordance with the Fee Schedule established by the Industrial Commission.
5. Defendants shall pay all costs, including the previously authorized expert witness fees in the amounts of $400.00 to Dr. Stutesman, $450.00 to Dr. Campbell and $200.00 to Dr. Glugover.
 S/ ___________________ MARY MOORE HOAG DEPUTY COMMISSIONER
CONCURRING:
S/ ___________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER